IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL K. DELICH, #N84043,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-02143-MAB |
| | ) |
| **K. HVARRE,** | ) |
| **LIEUTENANT MASON,** | ) |
| **C/O BRUCE,** | ) |
| **and M. MILLER,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Michael Delich, an inmate in the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Big Muddy River Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A.[1] Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### DISCUSSION

To survive preliminary review under § 1915A, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R.

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the Illinois Department of Corrections.

Civ. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The Complaint must also associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and they can properly answer the Complaint. *Id.* at 555. Because Plaintiff brings his claims under § 1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). The Complaint must also include a demand for the relief sought. Fed.R.Civ.P. 8(a)(3).

Here, Plaintiff omitted a statement of claim and request for relief from his form Complaint. He did not attach any additional pages setting forth the required information. And while Plaintiff's submission did include one document from the Administrative Review Board regarding his grievance, this is simply not sufficient to give the Court any indication as to what Plaintiff is alleging the named Defendants have done or failed to do. Because Plaintiff fails to allege how any of the named Defendants allegedly violated his constitutional rights, the Complaint must be dismissed for failure to state a claim for relief.

## Disposition

Following review under 28 U.S.C. § 1915A, the Complaint is **DISMISSED without prejudice** for failure to state a claim for relief. Plaintiff is **GRANTED** leave to file a First Amended Complaint by **March 2, 2023**.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District and complete **all**

sections of the form. **He should label the form "First Amended Complaint" and use the case number for this action (Case No. 22-cv-2143-MAB)**. The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A. Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (A successful complaint generally alleges "the who, what, when, where, and how. . . ."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail him a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint. The First Amended Complaint must stand on its own, without reference to any previous pleading.

**If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed without prejudice for failure to comply with a court order and for failure to prosecute his claims.**

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after

a transfer or other change in address occurs. **Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution**. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: January 26, 2023**

                                                /s/ Mark A. Beatty  
                                                **MARK A. BEATTY**  
                                                **United States Magistrate Judge**